In the Matter of JULIUS F. NEWMAN, an Attorney, Respondent.

First Department, December 27, 1935.

*Einar Chrystie*, for the petitioner.

*Richard J. Barry*, for the respondent.

MARTIN, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on March 14, 1916, at a term of the Appellate Division of the Supreme Court, Second Department.

Charges of professional misconduct having been filed against him, the matter was sent to an official referee. The referee has reported the following facts as not in dispute:

In the year 1929 Herman H. Cook and George Mageleth were in the employ of Leopold Gally, a dealer in furniture on the installment plan. Cook and Mageleth were found to be short in their accounts. Hon. John Hetherington, then a justice of the Municipal Court, now surrogate of Queens county, had been acting as attorney for Gally. Gally mentioned the Cook and Mageleth matter to him. Judge Hetherington suggested that he consult with the respondent, who was well and favorably known to him. The respondent procured from a city magistrate summonses for the appearance of Cook and Mageleth returnable April 8, 1929. In order to avoid criminal prosecution Cook and Megeleth entered into negotiations with the respondent which resulted in agreements that each should pay $500 on account and the balance of the indebtedness in installments. The amount due to Gally from Cook was $2,059.12 and from Mageleth $2,889.36. The magistrate was informed of the adjustment, whereupon the proceedings were dismissed on July 3, 1929. Cook paid $500 to the respondent on July 3, 1929, and Mageleth paid him $350 on that day and $150 a few days thereafter. Cook paid the entire balance due in install-

ments, the last payment of $69.12 having been made on or about June 9, 1932. Mageleth paid the respondent in all only $1,242, no payment having been made after December, 1931. On June 8, 1932, the respondent remitted to Gally the sum of $50 and thereafter up to and including February 23, 1933, in installments of $25 additional sums aggregating $700. At the time of the retainer no fee had been agreed upon between Gally and the respondent. After the last installment remittance the good offices of Judge Hetherington were invoked to adjust the fee due to the respondent. A meeting took place between Judge Hetherington, the respondent and Ernest Welker, through whom all transactions on behalf of Gally were conducted. Judge Hetherington declined to assume the role of arbitrator, and no agreement was reached. A day or two thereafter, on March 2, 1933, the respondent remitted to Gally an additional $700. On the total amount collected by the respondent, viz., $3,301.12, he had thus by March 2, 1933, paid Gally $1,450. On March 23, 1933, Gally submitted his complaint against the respondent to the petitioner. The hearings before the grievance committee were concluded on December 21, 1933. On December 22, 1933, the respondent paid Gally $250, and thereafter up to and including October 22, 1934, he made further payments in installments aggregating $620. At the time when Welker was examined as a witness in this proceeding (December 6, 1934), the total amount remitted by the respondent to Gally was $2,320.

The referee further found that the respondent converted the moneys so collected by depositing the amount in his personal account, notwithstanding the firm of which he was a member kept two accounts, in one of which moneys collected on behalf of clients were deposited, the other being maintained for the general use of the partnership.

The respondent urges that he had promised Cook and Mageleth to obtain releases for them and the money was retained because of the refusal of respondent's client to give such releases. He admits the use of the money for his personal needs, but urges there was no intention to convert the same, claiming that the moneys were retained pending a *bona fide* dispute concerning the fees to which he was entitled, the respondent claiming a fee of fifty per cent, whereas his client was willing to pay only ten per cent; claiming, further, that he honestly believed that he would be in a position to replace these moneys at any time when the dispute as to his fee was settled. The client has since been paid in full.

Assuming the facts to be as claimed by the respondent, nevertheless he failed in his duty to safely keep the collections for the account of his client. The learned referee concluded his report with the

following: " It is sheer tragedy for the respondent to find h'mself in this plight. He has been honored by his brethren of the bar. He has been held in esteem by the community. Judge Hetherington has known the respondent socially and professionally for upwards of twenty years. He testified that the respondent's reputation as to truth, honesty and integrity was excellent. I wish I could have made a report exonerating him. But it is impossible to do so." This court is equally aware of the unfortunate situation of the respondent, and equally regrets the necessity for disciplinary action. However disagreeable its duty, it must be performed.

The respondent is suspended for six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Respondent suspended for six months.